UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY E. TRIMBLE,

    Plaintiff,

v.                                             Case No:   2:19-cv-665-FtM-38NPM

ROSARIO R CASTRO RIOS,
JOSHUA LOPEZ, THOMAS R
BUSATTA, and ROBERT PAGE
HENDERSON,

    Defendants.

_____

### REPORT AND RECOMMENDATION[1]

This matter comes before the Court on the First Amended Complaint, filed on October 4, 2019. (Doc. 8).[2] In addition, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, filed on September 12, 2019. (Doc. 2). For the reasons explained below, the Court recommends that the Application be denied and this action be dismissed.

When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court previously allowed Plaintiff to file an Amended Complaint to allege subject matter jurisdiction. (*See* Doc. 5).

to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915.  A complaint is considered to be frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight."  *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).  "Actions may be frivolous in their factual allegations or in their legal theories."  *Ebron v. Immigration and Customs Enforcement*, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. Apr. 7, 2014) (order adopting report and recommendation).

When proceeding *pro se*, a party is held to a less stringent standard than a litigant represented by counsel.  See *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).[1]  Nevertheless, a party still must comply with the Federal Rules of Civil Procedure.  *Id*.

In the instant case, Plaintiff brings this action against Rosario R. Castro Rios, Attorney Joshua Lopez, Attorney Thomas R. Busatta, and Attorney Robert Page Henderson.  (Doc. 8 at 1).  Plaintiff alleges that "defendants, under the color of law seek to enforce a judgment that is not a final judgment (exb 1) according to the rules of Florida court procedure."  (*Id.* at 5).  Plaintiff claims that Defendants have "filed successive motions to cause Trimble to divulge personal private financial information employing civil contempt of court as a lawful device under the color of law.  Under the color of law the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

defendants have failed, even though being advised in writing on official documents filed in the court (EXB 3) for Lee County have willfully and maliciously continued under the color of law   Exb 2" (*Id.* at 5-6).   Plaintiff seeks a temporary or alternatively permanent injunction, punitive damages, remedial training, or any other remedy this court would deem appropriate." (*Id.*).

As the Court explained in its September 18, 2019 Order, in sum, Plaintiff appears to be bringing suit against a state-court plaintiff, Rosario R. Castro Rios, and her attorneys, all related to an action that arises in state court.   Further, it appears that Ms. Castro Rios and her attorneys are attempting to pursue Mr. Trimble in aid of execution of a judgment against him in that state court matter and/or on related contempt matters.   In essence, Mr. Trimble appears to be requesting that this Court block the state-court action so that he may avoid collection and/or contempt.   To the extent that Plaintiff requests that the Court review the state-court action, under the *Rooker-Feldman* doctrine this Court has no subject matter jurisdiction to entertain such a claim*.   See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation."   *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001).

> Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to adjudicate the validity of a state court order.   *Feldman*, 460 U.S. at 482, 103 S. Ct. 1303.   The doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"   *Lance v. Dennis*, 546 U.S. 459, 460, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L .Ed. 2d 454 (2005)).   The

>doctrine bars federal jurisdiction "where the issue before the federal court [i]s 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez v. Attorney Gen. of Fla.*, 679 F.3d 1257, 1262−63 (11th Cir. 2012) (*quoting Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

*Thurman v. Judicial Correction Servs., Inc.*, 760 F. App'x 733, 736–37 (11th Cir.), *cert. denied*, 139 S. Ct. 2646, 204 L. Ed. 2d 284 (2019). Here, if Plaintiff prevails in this action, any judgment here would effectively nullify collection and/or contempt on the state-court judgment. Thus, the Court finds that Plaintiff's requested relief is inextricably intertwined with state-court action and precluded under the *Rooker-Feldman* doctrine.

Plaintiff asserts in the Amended Complaint that he did not lose in state court and there is no final order to substantiate this. (Doc. 8 at 5). In addition, Plaintiff states that he has not complained of injuries cause by the state court judgment and reiterates that there is no final judgment. (*Id.*). Plaintiff also asserts that he is not inviting "the federal court to make null or void a judgment in state court. Once again there is no final judgment because of the Florida Rules of Court procedure clearly state." (*Id.*).

The state-court docket arguably belies Plaintiff's statement that there is no final judgment. According to public records, in the case of *Castro v. Trimble*, Case No. 06-CA-002912, a Final Judgment was entered on February 24, 2011. In addition, it appears from the state-court record that since at least August 2017, Rosario Castro Rios has attempted to collect on the final judgment. On August 6, 2019, Rosario Castro Rios filed a second motion for contempt in the state-court action to require that Plaintiff complete a Fact Information Sheet. *See* Fla. R. Civ. P. 1.560(b) ("Fact Information Sheet. In addition to any other discovery available to a judgment creditor under this rule, the court,

at the request of the judgment creditor, *shall* order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court.  Failure to obey the order may be considered *contempt of court*.) (emphasis added).   In fact, as recently as October 10, 2019, the state-court judge ordered Mr. Trimble to complete the Fact Information Sheet by October 14, 2019.  If Plaintiff claims that there is an issue as to why the Final Judgment in the state-court action is not subject to execution, then he had and has the opportunity to raise the issue in that action.

In this federal action, Plaintiff asks the Court to prevent Defendants from obtaining private financial information based on the civil contempt that he is facing in the state-court action.  (Doc. 8 at 5).   Collecting on the final judgment is inextricably intertwined with the final judgment in the state-court action and, if the Court proceeds in this action, any successful result would nullify execution on the state-court judgment.  The Court finds that Plaintiff's action is precluded under the *Rooker-Feldman* doctrine.   Plaintiff's recourse is to raise any issue regarding the enforcement of the state-court judgment, including contempt, in state court.

Even though the Court finds that it lacks subject matter jurisdiction, it briefly reviewed the substantive allegations of the Amended Complaint.  Plaintiff alleges a violation of 42 U.S.C. § 1983, by the actions of Rosario Castro, Joshua Lopez, Thomas Busatta, and Robert Page Henderson.  (Doc. 8 at 2-8).   Plaintiff asserts that these Defendants, "under color of law" seek to enforce a judgment that is not final against him. (*Id.* at 5-6).   In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

> (1) whether the person engaged in the conduct complained of **was acting under color of state law**; and
> (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

*Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996) (emphasis added); *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). "To satisfy section 1983's 'under color of [state law]' requirement, a plaintiff must demonstrate that 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 984 F.2d 401, 403 (11th Cir. 1993) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The law is clear that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation omitted).

Here, even though Plaintiff claims that Rosario Castro Rios, Joshua Lopez, Thomas Busatta, and Robert Page Henderson acted under color of law, Plaintiff's claim fails. These individuals are private citizens attempting to collect on a final judgment. Plaintiff has not set forth sufficient facts showing that these individuals are acting "under color of law." Thus, Plaintiff failed to state a § 1983 claim.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) be denied and the Amended Complaint (Doc. 8) be dismissed.

Respectfully recommended in Chambers in Ft. Myers, Florida on October 15, 2019.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties