UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TIMOTHY E. TRIMBLE,

    Plaintiff,

v.                              Case No.: 2:19-cv-665-FtM-38NPM

ROSARIO R CASTRO RIOS,
JOSHUA LOPEZ, THOMAS R
BUSATTA and ROBERT PAGE
HENDERSON,

    Defendants.
_____/

## ORDER[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (the "R&R"). (Doc. 9). Judge Mizell recommends denying Plaintiff Timothy Trimble's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) and dismissing the Amended Complaint (Doc. 8). Trimble filed a pro se response. (Doc. 12). This matter is ripe for review.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Cir. 1982). Without specific objections, there is no requirement to review factual findings de novo, and the Court may accept, reject, or modify the findings in whole or in part. 28 U.S.C. § 636(b)(1); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). But review of legal conclusions is de novo, regardless of any objection. *Cooper-Houston v. S. Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

In his one-page response, Trimble does not make any specific objections. (Doc. 12). Instead, Trimble "takes issue" with the R&R. (Doc. 12 at 1). He also "reserves the right to pursue any legal means regarding deprivation of rights by the [D]efendants or even this [C]ourt." (Doc. 12 at 1). And Trimble "finds it appalling that a sworn officer of the [C]ourt for the United States of America would employ such tactics against a pro se litigant." (Doc. 12 at 1). It is unclear what rights Trimble intends to reserve or what "tactics" he disagrees with. This lack of a specific objection, however, means the Court need not review the R&R's factual findings de novo. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016). "Parties filing objections to a magistrate's report and recommendation must specifically identity those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The Court, therefore, accepts and adopts the factual findings Judge Mizell made on the existence of Trimble's final state court judgment.[2]

Even if Trimble challenged those findings, federal courts may take judicial notice of state-court dockets. *E.g.*, *Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304, 1306-08

---

[2] Further, the R&R warned Trimble that the failure to object to factual findings or legal conclusions would waive his right to appeal. (Doc. 9 at 7 (citing 11th Cir. R. 3-1)).

(11th Cir. 2019) (holding a report and recommendation properly took judicial notice of a state-court docket sua sponte when plaintiff failed to (1) object, (2) ask to be heard, or (3) dispute the accuracy of the docket); *see also Boyd v. Georgia*, 512 F. App'x 915, 916-18 (11th Cir. 2013). Here, the R&R directed Trimble to the specific case name and number filed in the Twentieth Judicial Circuit in and for Lee County, Florida.³ (Doc. 9 at 4). A final judgment against Trimble—labeled "FINAL JUDGMENT"—was entered in state court on the day Judge Mizell identified. (Doc. 9 at 4). The docket shows Trimble lost on appeal. *See also Trimble v. Castro*, 123 So. 3d 573 (Fla. Dist. Ct. App. 2013) (summarily affirming); *Trimble v. Castro*, 113 So. 3d 11 (Fla. Dist. Ct. App. 2013) (same). Now, the judgment creditor is trying to collect on the final state-court judgment. Thus, the R&R findings appear accurate, and Trimble does nothing to call them into question.

Given this factual finding, Judge Mizell concluded *Rooker-Feldman* bars the Court from hearing this case. (Doc. 9 at 3-5). The Court agrees with that legal analysis and adopts it. Trimble accurately notes the Supreme Court reined in usage of *Rooker-Feldman*. (Doc. 8 at 3-4 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). Yet that doctrine still has its place when—as here—a state-court loser effectively seeks to nullify a state-court judgment.

Leaving *Rooker-Feldman* aside, the R&R continued and peeked at whether Trimble stated a claim. (Doc. 9 at 5-6). Judge Mizell concluded Trimble did not state a claim because he brought a 42 U.S.C. § 1983 action for purely private conduct. (Doc. 9 at 5-6). Again, the Court agrees and adopts that conclusion.

---

³ Direct links to the state-court docket are not functional. But it can be accessed by visiting, https://matrix.leeclerk.org/Cases/Search, and searching with the case number identified in the R&R (06-CA-002912). (Doc. 9 at 4).

3

After an independent and careful examination of the file, the Court accepts the R&R (Doc. 9) in full and incorporates it into this Order.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 9) is **ACCEPTED and ADOPTED** and the findings are incorporated here.

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **DENIED**.

3. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED**.

4. The Clerk is **DIRECTED** to enter judgment, terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 31st day of October, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4